# MEMORANDA

# CASES NOT REPORTED IN FULL.

## DAVID M. JONES, Appellant, v. JAMES BENEDICT and OTHERS, Survivors, etc., Respondents.

### Application of payments.

Appeal from a judgment in favor of the defendants, entered upon the report of a referee.

The main question involved in the case arose out of a controversy as to the application of payments which should be made upon certain indebtednesses primarily owing by W. Frank Witherell, on one of which the plaintiff and other persons, including W. H. H. Witherell, were liable with W. Frank Witherell, either as sureties for him or as joint debtors, and on the other of which they were not. W. H. H. Witherell had pledged certain securities as collateral to such latter indebtedness — from the sale of which latter securities the money for the payments in question was to be derived.

The court at General Term, after stating the facts which were very voluminous, said :

"We have, then, a case where several officers and stockholders of a mining company have incurred a liability for the benefit of the company, and another person, not a stockholder, is also liable thereon. This person, not a stockholder, has pledged property of his own to secure both this liability and also another liability to the same creditor. The officers of the company, thus liable, have been indemnified by their stockholders. Now they ask that the property of this person, not a stockholder, shall be so applied as to relieve them from the liability, against which they are indemnified. Thus, this person, not a stockholder, would be compelled

to have his property applied to that debt, against which the plaintiff and the other officers are indemnified, while he would receive no benefit from their indemnity, but would have to pay the other liability for which his property was pledged.   We cannot see that this would be equitable.   The plaintiff says that (in round numbers) twenty thirty-fifths of the avails of property belonging to W. H. H. Witherell, and pledged by him, should apply on a debt for which (as he says) he and the other indorsers and the two Witherells are liable as *quasi* sureties.   But the plaintiff and the other indorsers are indemnified by the real parties in interest. And upon the same equitable view, W. H. H. Witherell could insist that this indemnity be first enforced to its full amount, so that his property should be entirely relieved.

"It would be inequitable that the plaintiff should neglect to enforce the indemity which he holds, and which, if enforced, would relieve W. H. H. Witherell, and then should insist that the property of W. H. H. Witherell should be used to relieve him, and thus to relieve the real parties in interest.

"No appeal is taken by the defendants.   We see nothing in the exceptions to evidence which requires a new trial."

The judgment should be affirmed, with costs.

*Leslie W. Russell*, for the appellant.   *Matthew Hale*, for the respondents.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.